UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEVRON U.S.A. INC. | CIVIL ACTION |
| VERSUS | NO. 03-2027 |
| AKER MARITIME, INC. ET AL. | SECTION "M" (2) |

## ORDER

Two motions for expedited hearing have been filed concerning the following motions: (1) Plaintiff's Motion for Leave to Re-Depose Rebecca Besier, Record Doc. No. 274, and (2) Defendants' Joint Motion to Quash Besier's deposition, Record Doc. No. 281, which plaintiff noticed for May 31, 2007, without receiving the leave of court required by Fed. R. Civ. P. 30(a)(2)(B). Since the motions address the same issue from the differing perspectives of the parties, the motions for expedited hearing, Record Doc. Nos. 276 and 282, are GRANTED, in that both motions will be decided immediately on the record, without oral argument or further briefing.

For the following reasons, the motion for leave to re-depose Besier is DENIED, and the motion to quash her re-deposition is GRANTED. Two interactive legal standards apply to this motion.

First, concerning depositions, Fed. R. Civ. P. 30(a)(2)(B) provides that "(a) party must obtain leave of court, . . . if . . . the person to be examined already has been deposed in the case." Leave of court to permit the second deposition of a witness "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Those principles include avoidance of unreasonably cumulative or duplicative discovery; prohibition of discovery when the party seeking discovery "has had ample opportunity by discovery in the action to obtain the information sought," Fed. R. Civ. P. 26(b)(2)(ii); and restricting discovery "when the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(iii).

The evidentiary materials attached to the motion papers persuade me that leave of court to take Besier's deposition for a second time should not be granted. There is nothing "new" that would prompt Besier's re-deposition. Nothing that has been produced in "original" form in the past few days appears significantly different from that which was previously produced as copies. Plaintiff has had a full opportunity to depose Besier about the issues it now seeks to question her about again. Requiring Besier to be deposed again would be unreasonably cumulative and duplicative, particularly when plaintiff has already had ample opportunity in this case to obtain the information it seeks, both through Besier's earlier deposition and through the subsequent deposition of Kimberly Wallace. Any benefit from permitting yet another deposition on this issue in this case

is far outweighed by its burden, particularly at this late stage of a case that has been pending for almost four years.

The second legal standard applicable to this motion is provided in Fed. R. Civ. P. 16(b), which states that a court's scheduling order, such as the order issued in this case, Record Doc. No. 129, "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). In determining "good cause" in connection with a Rule 16 scheduling order, the court must weigh the following factors: (1) the explanation for the failure to comply; (2) the importance of the matters that are the subject of the order; (3) potential prejudice in allowing the requested action; and (4) the availability of a continuance to cure such prejudice, Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998); Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 999 (5th Cir. 1998).

The discovery deadline in this case lapsed on April 17, 2007. It has not been extended, and "good cause" to extend it has not been demonstrated on these papers. The final pretrial conference has already been conducted. Trial is scheduled to commence in less than two weeks. While the matters that would be the subject of yet another deposition in this case may be important, ample opportunity to inquire into them has already occurred, so that the explanation for the need to extend the discovery deadline

is unpersuasive, no prejudice results by not extending the deadline and no continuance is necessary on this ground.

On all of the foregoing grounds, the second deposition of Rebecca Besier, noticed without leave of court for May 31, 2007, is quashed, and leave to permit it is denied.

New Orleans, Louisiana, this  30th  day of May, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE